# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01944-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Melquiades Natanael Lara-Valenzuela, | |
| Defendant. | |

Pending before the Court are six motions in limine.  For the reasons stated below, the motions are granted in part and denied in part.

As pertinent to this dispute, Fed. R. Evid. 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible."  Fed. R. Evid. 401 defines relevant evidence as follows: "Evidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government's motion in limine to preclude mention of penalties faced by Defendant (Doc. 135) is unopposed by Defendant, and is therefore summarily granted.

1    The Government's motion in limine to determine that certain records qualify as
2 business records (Doc. 137) is denied without prejudice as premature.  While the
3 Government seeks a ruling from the Court finding that certain information is excepted
4 from the hearsay rules as business records, it appears that much of the information in
5 question has not been fully disclosed to Defendant, and that certificates from the pertinent
6 custodians of record also has not been disclosed.  Once this information has been
7 disclosed to Defendant, the parties shall consult with each other to determine whether
8 they can stipulate to admissibility.  At this time, however, the Court finds that the motion
9 is premature, and it is denied without prejudice.

10   Defendant's motion in limine regarding a "TECS Alert" (Doc. 146) urges the
11 Court to exclude an alert placed on Defendant when he crossed into the United States
12 from Mexico at the Douglas Port of Entry.  At that time, the TECS Alert stated that
13 Defendant was "Armed and Dangerous" and "Use Extreme Caution."  Defendant argues
14 that this evidence is irrelevant to the kidnapping and extortion issues in this case, and that
15 it is otherwise unduly prejudicial.  The Government argues that this information is
16 relevant as it informs the jury regarding the reasons law enforcement officers treated
17 Defendant with heightened caution at the border. Based on the TECS Alert of "Armed
18 and Dangerous" and "Use Extreme Caution", agents detained Defendant very shortly
19 after encountering him, searched him for weapons, handcuffed him, and placed him in a
20 locked holding cell.  The Government argues that disallowing the TECS Alert would be
21 unfair inasmuch as it would make it appear that law enforcement officers overreacted and
22 were heavy-handed in its initial dealings with Defendant.  Based on the current record,
23 there was not an adequate basis to list Defendant as "Armed and Dangerous" at the time
24 in question, and the Court finds that allowing this evidence would be unduly prejudicial.
25 However, as Defendant was suspected of kidnapping and extortion at the time, the "Use
26 Extreme Caution" alert was justified, and is adequate to explain the agents' treatment of
27 Defendant when they initially encountered him at the border.  The relevance of the "Use
28 Extreme Caution" language is not outweighed by undue prejudice, and will be admitted

at trial.  Defendant's motion in limine regarding the TECS Alert (Doc. 146) is granted in part and denied in part.

Defendant's motion in limine regarding telephonic evidence generally argues that only certain telephonic evidence is relevant to this case (i.e., only communications implicating the kidnapping and extortion issues), and that all other telephonic evidence should be excluded.  When Defendant was detained at the border, he had both a grey cell phone and a white cell phone in his possession.  Defendant specifically argues that there is information on these phones containing naked pictures of women and communications reflecting affairs outside of Defendant's marriage.  Defendant argues that such information is irrelevant, and unduly prejudicial.  The Court agrees, and the Government does not intend to introduce such pictures or communications regarding extramarital affairs in any event.  This information will be excluded at trial.  However, the Government argues that there are telephonic communications that are relevant to this case.  For example, the Government argues that records regarding incoming/outgoing calls pertaining to the victim's phone, the grey phone, and the white phone tend to corroborate the victim's account of the alleged crimes, they are intertwined with the kidnapping and extortion demands being investigated by law enforcement, and tend to show a relationship between the victim's household and Defendant related to the crimes.  This evidence is relevant and will not be excluded.  Defendant's motion (Doc. 147) is granted in part to the extent it seeks to exclude the naked pictures and communications regarding extramarital affairs, but is denied as to the other communications advanced by the Government.

As to the Government's motion in limine regarding intrinsic evidence and consciousness of guilt (Doc. 139), the Court finds that a reply from the Government may be helpful in resolving the motion.  The Court notes that although the Government's motion in limine was five pages, the Defendant's response was sixteen pages in 12 point text.  The Court previously issued an Order stating that motions in limine and responses thereto shall not exceed five pages, and also stated in another Order that the Local Rules

require the text to be in 13 point. *See* Orders at Docs. 153, 160. In light of the size and length of Defendant's response, the Government shall be permitted to file a reply no longer than 20 pages, and the reply shall be due no later than 5/22/15. In addition, the Government shall file a reply by 5/22/15 regarding the motion in limine to preclude specific instances of non-criminal conduct (Doc. 136); the reply shall not exceed five pages.

    Dated this 12th day of May, 2015.

_____
Honorable James A. Soto
United States District Judge