# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01944-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Melquiades Natanael Lara-Valenzuela, | |
| Defendant. | |

Pending before the Court are two motions in limine filed by the Government. For the reasons stated below, the motions are granted.

As pertinent to this dispute, Fed. R. Evid. 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 401 defines relevant evidence as follows: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

A review of the Government's motion in limine regarding "intrinsic evidence and evidence demonstrating consciousness of guilt" (Doc. 139) and the reply (Doc. 175) in

support thereof reflects that the Government primarily seeks to introduce a category of evidence as it is inextricably intertwined with the charged crimes in question (i.e., use of a facility in interstate or foreign commerce with intent to extort and interference with commerce by threats or violence). *See U.S. v. Ripinsky*, 109 F. 3d 1436, 1441 (9th Cir. 1997), *overruled on other grounds*, *U.S. v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997) ("Evidence should not be treated as other crimes evidence . . . and may therefore be admitted for all purposes, when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined . . . [T]he policies underlying the rule [in Fed. R. Evid. 404(b)] are simply inapplicable when some offenses committed in a single criminal episode become other acts because the defendant is indicted for less than all of his actions.")[1]; *U.S. v. Ramirez-Jimenez*, 967 F.2d 1321, 1327 (9th Cir. 1992) ("[E]vidence should not be treated as other crimes evidence when the evidence concerning the [other] act and the evidence concerning the crime charged are inextricably intertwined . . . In such cases, the policies supporting the exclusion of evidence under Rule 404(b) are inapplicable, since the evidence is not being presented to prove the character of a person in order to show action in conformity therewith [under Fed. R. Evid. 404(b)]. Instead, the evidence is direct evidence, used to flesh out the circumstances surrounding the crime with which the defendant has been charged, thereby allowing the jury to make sense of the testimony in its proper context.").

The Government argues that evidence pertaining to interactions between Defendant (a.k.a., "Veinti Ocho"), Melissa (the woman allegedly taken against her will by Defendant to satisfy a drug debt), Mrs. Parra (Melissa's mother who allegedly was extorted to allow Melissa's release), and Defendant's alleged drug associates should be admissible as they are inextricably intertwined with the crimes in question. For example, the Government argues that approximately one month before Melissa was taken to Mexico by Defendant, Melissa had reacquainted with a former friend (i.e., Anel).

---

[1] Unless otherwise noted by the Court, internal quotes and citations have been omitted when quoting and citing cases throughout this Order.

Melissa and Anel began traveling to Mexico and staying with individuals that Anel described as her "bosses" who were involved in the drug trade.[2] These individuals, including Defendant, supplied drugs to Melissa and Anel, and Melissa and Anel in turn assisted them in the drug trade. Shortly thereafter, Melissa began experiencing problems with these individuals as they accused Melissa of losing loads of marijuana such that Melissa owed them $14,000, and eventually Defendant was sent to retrieve Melissa and hold her in Mexico until the drug debt was satisfied. Defendant began contacting Melissa's mother to demand payment of the drug debt, and threatened to harm Melissa if the debt was not paid. Melissa's mother eventually contacted law enforcement for help; upon learning that she contacted law enforcement, however, Defendant again contacted Melissa's mother and informed her that such contact with law enforcement was a bad move as they had an agreement to pay the debt.

The Government argues, and the Court agrees, that the interactions and events referenced by the Government that lead up to and are associated with the charges in this case are inextricably intertwined with the extortion crimes at issue. Without the evidence at bar, the jury would be forced to make a less informed decision as they would be lacking the surrounding circumstances to make a sound decision in the proper context of the case. Furthermore, the Court finds that the relevance of the evidence in question is not outweighed by Rule 403 considerations. As such, the Government's motion regarding "intrinsic evidence and evidence demonstrating consciousness of guilt" (Doc. 139) is granted.[3]

In the alternative, as correctly argued by the Government, the evidence at issue is also admissible under Fed. R. Evid. 404(b). While other crimes and acts cannot be introduced simply to show the propensity to commit the charged crimes, it is admissible

---

[2] The names of these individuals included Yolanda, Alejandro, Jorge, and "La Donna."

[3] The Court notes that the evidence the Government seeks to introduce must comply with the applicable Federal Rules of Evidence (i.e., foundation, hearsay exceptions, etc.) to be admissible at trial.

to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The evidence in question falls within these categories of permissible uses, and as stated above, the relevance of such evidence is not outweighed by Rule 403 considerations. On a closely related note, the Government's has filed a motion in limine seeking to preclude Defendant from introducing "specific instances of non-criminal conduct." *See* Doc. 136. The Government argues that Defendant cannot introduce distinct instances of previous law-abiding behavior to show that he is a "good guy" who likely would not commit the crimes in question. Defendant's response reflects that he did not intend to introduce such evidence, but argues that he should be allowed to do so if the Government is allowed to introduce the evidence discussed above. While the evidence referenced by the Government is admissible as it is inextricably intertwined with the charged crimes, Defendant's "character or character trait is not an essential element of a charge, claim, or defense" in this case; in such circumstances, the Federal Rules of Evidence do not permit Defendant to introduce specific instances of non-criminal conduct to show that he is a good person who likely does not have any propensity to commit the charged crimes. *See* Fed. R. Evid. 405(b), 404, 608, 609. Therefore, the Government's motion to preclude Defendant from introducing "specific instances of non-criminal conduct" (Doc. 136) is granted.

Dated this 29th day of May, 2015.

Honorable James A. Soto
United States District Judge