# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01944-001-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Melquiades Natanael Lara-Valenzuela, | |
| Defendant. | |

Pending before the Court are three motions in limine filed by Defendant. For the reasons stated below, the motions are denied.

As pertinent to this dispute, Fed. R. Evid. 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 401 defines relevant evidence as follows: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant's motion in limine regarding Agent Cullen (Doc. 185) states that the defense recently received the "CV of Agent Cullen." Defendant argues that the only

purpose of disclosing such a CV is to introduce expert testimony from the witness. However, as the Government has not made the proper pretrial expert disclosures, Defendant argues that Agent Cullen should be precluded from testifying at trial. In response, the Government argues that it does not intend to introduce any expert testimony from Agent Cullen. Rather, Agent Cullen was simply the law enforcement officer that searched Defendant's grey cell phone pursuant to a lawful search warrant; thus, Agent Cullen will be testifying to the search and what was discovered during the search of the grey cell phone. As Agent Cullen's testimony is relevant non-expert testimony, Defendant's motion regarding Agent Cullen (Doc. 185) is denied.

In the motion in limine regarding Google Maps (Doc. 184), Defendant states that it recently received a Government disclosure including Google Maps where various points of reference are superimposed on the maps apparently indicating locations of calls made by Defendant on a cell phone. Defendant argues that such information has no adequate foundation, it is hearsay, and Defendant has inadequate information to challenge such evidence prepared in anticipation of trial which attempts to offer scientific-type evidence into the record. In response, however, the Government argues that this information was actually compiled by Tucson Police Department Officer Lopez at the inception of the case after he spoke with the victim who reported the alleged kidnapping and ransom demands. The victim provided Officer Lopez with the phone numbers of the individual making ransom demands. Officer Lopez then obtained an exigency order from Verizon Wireless, plotted the coordinates of the phone calls on Google Maps, and determined that some of the phone calls originated from Mexico such that he contacted the FBI for help in the investigation. The Government intends to use the Google Maps for illustrative purposes to show the course of the investigation and why Officer Lopez contacted the FBI. In light of the foregoing, Defendant's motion regarding Google Maps (Doc. 184) is denied.

Lastly, Defendant's motion in limine regarding the white cell phone seeks to limit the information the Government can use from that phone. Defendant argues that in the

last round of briefing pertaining to the white phone, the Government essentially conceded that it only intended to use information from the white phone reflecting that Defendant called the victim from the white phone while he was in the custody of law enforcement officers. Defendant argues that no other information from the white phone should be permitted. In a previous Order, the Court ruled that nude pictures of women and communications related to Defendant's potential sexual escapades on the white phone would not be admissible at trial. The Government does not intend to introduce such information, but argues there is additional relevant information that it seeks to introduce from the white phone. For example, there is a call from the white phone to "Jorge" (i.e., one of the alleged drug dealers and captors), and there are text messages that state "very busy with señor's affairs very important" and "orders were made to be carried out not to be argued about I get my orders and I have to carry them out." This evidence is relevant and will be admitted at trial; Defendant's motion in limine regarding the white phone (Doc. 178) is denied.

Dated this 17th day of June, 2015.

Honorable James A. Soto
United States District Judge